UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD GEORGE LINDEN,

      Plaintiff,

      v.

SOCIAL SECURITY ADMINISTRATION;
JO ANN B. BARNHART, Commissioner;
LESLIE S. WALKER, Regional Director,
Northern California,

      Defendants.
_____/

CIV. S-04-2696 FCD PAN (GGH) PS

<u>FINDINGS AND RECOMMENDATIONS</u>

      This action, in which plaintiff is proceeding pro se, was referred to this court pursuant to E.D. Cal. L.R. 72-302(c)(21). On December 23, 2004, the court granted plaintiff's application to proceed in forma pauperis, authorized commencement of plaintiff's civil action and denied plaintiff's request for appointment of counsel.

      On May 23, 2005, defendants moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) or, alternatively, moved for summary judgment (Fed. R. Civ. P. 56). The hearing scheduled for July 20, 2005, was vacated and the matters submitted on the papers. E. D. Cal. L. R. 78-230(h).

\\\\\

1

Plaintiff withdraws his complaint against Leslie S. Walker, Regional Communications Director for the Social Security Administration ("SSA"), for whom plaintiff has not provided proof of service of process. Defendants SSA and Social Security Commissioner Jo Ann B. Barnhart concede adequate service of process.

Accordingly, the court initially RECOMMENDS this action be dismissed as to Leslie S. Walker. Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 12(b)(5).

BACKGROUND

Plaintiff asserts the suspension of his Title II social security retirement benefits[1] while incarcerated was an unconstitutional ex post facto penalty in violation of his due process and equal protection rights under the Civil Rights Act of 1964 and 42 U.S.C. § 1983.

Defendants have submitted a declaration and pertinent records of Cheryl Jacobson, Custodian of Records for SSA's Region IX. Ms. Jacobson's affidavit shows that plaintiff's birth date is November 30, 1932; plaintiff filed for social security retirement benefits on February 15, 1996; plaintiff began receiving benefits on May 3, 1996; plaintiff's benefits were suspended in February 2001 due to his incarceration but plaintiff continued to receive benefits until March 2001, resulting in an overpayment of benefits; plaintiff was receiving monthly benefits of $901.00 when his benefits were suspended; plaintiff's spouse did not file for or receive spousal benefits during plaintiff's incarceration.

Plaintiff has filed an affidavit and exhibits demonstrating the following. Plaintiff was incarcerated in a California state prison commencing January 19, 2001. By notice dated March 9, 2001, the SSA notified plaintiff that his retirement benefits would be suspended during his incarceration and that he could request an appeal within 60 days commencing "the day after you receive this letter" or "[y]ou must have a good reason if you wait more than 60 days."

---

[1] Social security retirement benefits are authorized and administered pursuant to 42 U.S.C. § 401 et seq., and 20 C.F.R., Part 404, Subparts A through 0.

2

Plaintiff's Exhibit A.  In April and May 2001,[2] plaintiff sent letters to several public officials claiming that the cessation of his accrued benefits was discriminatory because it resulted in plaintiff "paying" for his incarceration, a penalty not required of prisoners on public assistance. Plaintiff's Exhibits B and C.

Plaintiff completed a civil rights discrimination complaint form on May 17, 2001, which the SSA Office of the General Counsel ("General Counsel") acknowledged by letter dated July 23, 2001.  Plaintiff's Exhibit I (see also Exhibit H).   Plaintiff's complaint was assigned a docket number, and all further inquiries were directed to the Region IX Office of the General Counsel.  In a letter dated October 1, 2001, Rebecca Heinstein, Assistant Regional Counsel of the Region IX Office, informed plaintiff that she had been assigned to investigate plaintiff's claim of discrimination due to the termination of his benefits based on his incarceration.  Plaintiff's Exhibit J.  On November 14, 2001, Region IX Chief Counsel Janice L. Walli informed plaintiff in a "Letter of Findings Concerning Civil Rights Discrimination Complaint No. 09-01-16, Donald G. Linden, Complainant," that his complaint was "denied and dismissed" because (1) plaintiff failed to demonstrate a cognizable claim of discrimination on the basis of disability, race, color, national origin, sex, age, religion, or retaliation, and (2) the "nonpayment of benefits due to incarceration is considered an initial determination subject to administrative and judicial review" (citing 20 C.F.R. § 404.902(t))[3] and requires the filing of an administrative appeals within 60 days (20 C.F.R. § 404.909), which plaintiff "did not pursue."  Plaintiff's Exhibit L.
\\\\\

---

[2] These dates are based upon plaintiff's representations and copies of certified mail receipts; the subsequently-provided dates on the first page of each letter erroneously notes the year as 2002.

[3] 20 C.F.R. § 404.902(t) provides: "Initial determinations are the determinations we make that are subject to administrative and judicial review. . . .[I]nitial determinations include, but are not limited to, determinations about . . . (t) Nonpayment of your benefits under § 404.468 because of your confinement in a jail, prison, or other penal institution or correctional facility for conviction of a felony."

1  Plaintiff sought reconsideration April 1, 2002, which the SSA Office of the
2  General Counsel (per Andrew J. Young, Senior Advisor to the General Counsel) denied on July
3  25, 2002.  Plaintiff's Exhibit N.  Noting that plaintiff's request for reconsideration was "beyond
4  the filing deadline," Mr. Young nonetheless reviewed plaintiff's request.  The General Counsel's
5  Office agreed with the Region IX decision, adding that plaintiff had improperly pursued his
6  action as a discrimination claim and that "your claim should have been processed through the
7  administrative and judicial review processes.  20 C.F.R. § 404.902(t) (2001); 42 U.S.C. §
8  405(g)."  Plaintiff's Exhibit N.

9  On January 8, 2003, in response to a letter from plaintiff dated January 6, 2003,
10 Leslie S. Walker, SSA's Region IX Communications Director, advised plaintiff that "[y]our
11 efforts to obtain the information and legal redress you are requesting should be directed to
12 Congress and to the federal courts."  Plaintiff's Exhibit N.

13 Plaintiff filed his complaint in this court on December 23, 2004.  Plaintiff asserts
14 he was unfairly penalized by the suspension of his earned retirement benefits[4] while indigent
15 incarcerated individuals and their families continued to receive public assistance, i.e., that
16 plaintiff was required to "pay" for his incarceration.  Plaintiff seeks retroactive payment of his
17 benefits for the period of suspension, punitive damages of one million dollars, and costs.

18 Plaintiff was released from prison on April 12, 2005.

19 I. JURISDICTION

20 Defendants assert this court is without subject matter jurisdiction to consider
21 plaintiff's complaint because plaintiff failed to exhaust his administrative remedies and obtain a
22 \\\\\
23 \\\\\

---

25 [4] Plaintiff emphasizes that his retirement benefits, in contrast to public assistance, derive
from taxes plaintiff paid on his own earnings placed into a trust fund to support plaintiff and his
26 dependents in retirement.

final administrative decision as required by 42 U.S.C. 405(g).[5]

### A. LEGAL STANDARDS

Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). On a Rule12(b)(1) motion to dismiss, plaintiff bears the burden of proving that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979). In reviewing a motion pursuant to this rule, the court may consider affidavits or any other evidence properly before the court. Sommatino v. United States, 255 F.3d 704, 710 (9th Cir. 2001); Am. Med. Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000).

"[F]ederal courts cannot assume jurisdiction over controversies concerning the interpretation of the entitlement provisions of the Social Security Act under the general federal question statute [28 U.S.C. § 1331]; accordingly, we must determine whether the terms of [42 U.S.C. ] §§ 405(g) and 1383(c)(3)[6] permit the exercise of jurisdiction []. See 42 U.S.C. § 405(h) ("[n]o action against the United States, the [Commissioner], or any officer or employee thereof shall be brought under section 1331 . . . of title 28, United States Code, to recover on any claim arising under [ Title II]"); Weinberger v. Salfi, 422 U.S. 749, 757-58, 95 S. Ct. 2457, 2463-64, 45 L.Ed.2d 522 (1975) (§ 405(h) deprives the federal courts of general federal question jurisdiction; judicial review of agency decisions must be grounded in § 405(g))." Briggs v.

---

[5] Section 405(g) provides in pertinent part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

[6] 42 U.S.C. § 1383(c)(3) provides: "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) [which includes determinations of ineligibility due to incarceration] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

Sullivan, 886 F.2d 1132, 1138 (9th Cir. 1989).

"A final judgment [under 42 U.S.C. § 405(g)] consists of two elements: the presentment of a claim to the [Commissioner] and the exhaustion of administrative remedies. The presentment requirement is jurisdictional, and therefore cannot be waived by the [Commissioner] or the courts. The exhaustion requirement . . .is not jurisdictional, and thus, is waivable by either the [Commissioner] or the courts. Matthews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893, 900 (1975). [¶] The Supreme Court has suggested, and we have applied, a three-part test 'to determine whether a particular case merits judicial waiver of the exhaustion requirement.' Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir.1989); see also Bowen v. City of New York, 476 U.S. 467, 483, 106 S.Ct. 2022, 2031-32 (1986); Matthews, 424 U.S. at 330-31, 96 S.Ct. at 900-01. The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility). Briggs, 886 F.2d at 1139." Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993)

B. ANALYSIS

Defendants assert plaintiff failed to take the first step toward administrative exhaustion because he did not seek reconsideration of SSA's March 9, 2001 initial notice that his retirement benefits would be suspended.

The initial notice (20 C.F.R. §§ 404.902(t)) informed plaintiff he could seek reconsideration within 60 days "start[ing] the day after you receive this letter" (20 C.F.R. § 404.909), which has been interpreted by the Commissioner as "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period" (20 C.F.R. § 404.901). Plaintiff was further informed that "[y]ou must have a good reason if you wait more than 60 days." 20 C.F.R. §§ 404.909(b) , 404.911.

Sixty-five days after March 9, 2001 was Sunday, May 13, 2001. The latest date plaintiff could timely have filed a request for reconsideration was Monday, May 14, 2001.

1  Plaintiff contends, alternatively, that: (1) his discrimination complaint filed May 17, 2001, should be construed as a request for reconsideration, its late filing supported by good cause, viz., plaintiff's limited access to the prison law library and the library's limited information on social security cases, and SSA's representation it would address the substance of plaintiff's complaint; (2) the January 8, 2003 letter from SSA's Region IX Communications Director, Leslie A. Walker, referring plaintiff to Congress and the courts, demonstrates exhaustion of administrative remedies; and (3) the exhaustion requirement should be waived.

Plaintiff's first argument is superficially compelling, particularly in light of SSA's consideration and reconsideration of plaintiff's civil rights complaint which was clearly based on his challenge to the suspension of his benefits due to incarceration. SSA led plaintiff to believe it would fully consider and address plaintiff's concerns. However, even if SSA's July 25, 2002 "reconsideration decision" was construed as a "final decision of the Commissioner" within the meaning of 42 U.S.C. § 405(g), plaintiff failed timely to file his complaint in this court within 60 days. 42 U.S.C. 405(g); 20 C.F.R. § 422.210(c).

Plaintiff's second argument also fails. Ms. Walker's January 8, 2003 letter recounts SSA's obligation to enforce federal statutes, as enacted by Congress and interpreted by the courts; it does not demonstrate plaintiff's exhaustion of available administrative remedies.

However, plaintiff's third argument does not ultimately support this court's jurisdiction. Plaintiff has met the first element for obtaining judicial review under 42 U.S.C. § 405(g), the nonwaivable requirement that he present his benefits claim. The "presentment requirement is satisfied when an individual makes a claim for benefits, and the [Commissioner] determines that the claimant meets the eligibility requirements for those benefits." Briggs, 886 F. 2d. at 1139 (suspension of benefits based on a collateral policy does not require "re-presentation" of benefits claim in order to obtain review of collateral policy). The Commissioner does not dispute plaintiff's entitlement to retirement benefits based on his February 1996 claim.

\\\\\

7

1          Plaintiff arguably does not meet the second element for obtaining judicial review
2   under section 405(g), based on the three-part test for waiving the administrative exhaustion
3   requirement – collaterality, irreparability, and futility.  Plaintiff's challenge to the suspension of
4   his retirement benefits while incarcerated may be viewed as collateral to his entitlement to those
5   benefits – if plaintiff challenges neither the status of his benefits nor his incarceration.  Cf.,
6   Bowen v. City of New York, 476 U.S. 467, 483, 106 S. Ct. 2022, 2032 (1986) (waiver
7   appropriate where claim is entirely collateral to substantive claim of entitlement); Johnson v.
8   Shalala, 2 F.3d at 922 (a claim is collateral if not bound up with the merits so closely that a
9   decision of the court would interfere with agency process).  See also Johnson v. Shalala, 2 F.3d
10  918, 921-922 (9th Cir. 19__) (challenge to established Social Security Administration policy of
11  treating all in-kind loans as income to a person seeking supplemental security income was not a
12  claim for benefits and thus was collateral to such a claim, and requirement of exhaustion could
13  be waived with respect to the claim).  On the other hand, if plaintiff's claim is at bottom one for
14  payment of benefits, it may well be viewed as non-collateral.  Heckler v. Ringer, 466 U.S. 602,
15  614, 104 S. Ct. 2013, 2021 (1984).

16         Plaintiff's claim herein is more akin to the latter Ringer situation.  Not being
17  incarcerated is an eligibility requirement for *payment* of benefits as much as having sufficient
18  quarters of coverage or attaining a certain age.  It does not matter whether the person denied
19  payment is one who is incarcerated and  initially seeking benefits or is one who had been
20  receiving benefits but then became ineligible due to incarceration.  Incarceration means no
21  payment of benefits in either case, and plaintiff, at bottom, is complaining about a non-payment
22  of *his* benefits.  Thus, plaintiff would not meet the collaterality exception.  However, because the
23  issue of collaterality is somewhat metaphysical, the undersigned goes on to examine the
24  remaining elements.  The element of irreparability is met by plaintiff's claim his wife was
25  required to return to work during plaintiff's incarceration and would have been so required even
26  had she obtained her "di minimis" share of plaintiff's benefits.  See, Briggs v. Sullivan, 886 F.2d

at 1140 (citation and internal quotations omitted) ("a colorable showing of irreparable injury for purposes of waiver of the exhaustion requirement is one that is not wholly insubstantial, immaterial, or frivolous"). Finally, because plaintiff's constitutional claim challenges a fundamental agency policy that broadly impacts similarly situated retirees, administrative exhaustion would be futile. The policies underlying the exhaustion requirement – deference to agency expertise, development of a detailed factual record, and conservation of judicial resources – are not furthered by foregoing immediate judicial consideration of this issue. Cf., Johnson v. Shalala, 2 F.3d at 922 (futile to require administrative exhaustion by class members challenging SSA policy of designating in-kind loans as income under the SSI program); Briggs v. Sullivan, 886 F.2d at 1140 (futile to require administrative exhaustion of appellants' "straighforward statutory and constitutional challenge" to SSA policy of suspending benefits while awaiting designation of new representative-payees).

The court finds, therefore, that plaintiff has not met all criteria for waiving the requirement he exhaust administrative remedies and obtain a final administrative decision, thus permitting this court's review of plaintiff's constitutional claims under 42 U.S.C. § 405(g). His claim herein is not separate from his entitlement to benefits.

II. SUMMARY JUDGMENT

In an abundance of caution, the undersigned will address the merits as well.

Defendants move for summary judgment on plaintiff's sole claim that suspension of his Title II social security retirement benefits while incarcerated was an unconstitutional ex post facto penalty in violation of his due process and equal protection rights under the Civil Rights Act of 1964 and 42 U.S.C. § 1983.

A. LEGAL STANDARDS

Summary judgment avoids unnecessary trials in cases with no disputed material facts. See Northwest Motorcycle Ass'n v. United States Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require

9

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).  Two steps are necessary.  First, according to the substantive law, the court must determine what facts are material.  Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial.  See id. at 248, 106 S. Ct. 2510.  If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. 1356 (citation omitted).  In that case, the court should grant summary judgment.

### B. ANALYSIS

The only material fact is undisputed – the suspension of plaintiff's social security retirement benefits during his incarceration.  The question to be resolved is whether this action was proper as a matter of law.

The suspension of an incarcerated individual's social security retirement benefits is authorized by federal statute.  42 U.S.C. § 402(x)(1)(A)(i) provides:

> **(x) Limitation on payments to prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees**
> (1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section [404] or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual–(i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense . . .

While this statute ensures continuing benefits on a pro rata basis to the dependents of incarcerated retirees (42 U.S.C. § 402(x)(2), and 20 C.F.R. § 404.468(a)),[7] plaintiff does not

---

[7] 20 C.F.R. § 404.468(a) provides: "No monthly benefits will be paid to any individual for any month any part of which the individual is confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony. . . . However, it applies only to the prisoner; benefit payments to any other person who is entitled on the basis of the prisoner's wages and self-employment income are payable as though the prisoner were receiving benefits."

10

dispute that his wife chose not to pursue this benefit, arguing that the amount was *di minimis*.

The challenged statute has repeatedly withstood constitutional challenge. In Butler v. Apfel, 144 F.3d 622 (9th Cir. 1998), the Ninth Circuit rejected an inmate's claim that 42 U.S.C. § 402(x) violates substantive due process and equal protection, concluding that the statute rationally meets Congress' rational goal of allocating "scarce resources;" rejected plaintiff's claim the statute violates bill of attainder and ex post facto laws because not a "punishment;" and rejected plaintiff's procedural due process claim based on the lack of an administrative hearing because "the statute leaves no room for discretion." The Butler court identified five additional circuits (Second, Fourth, Eighth, Tenth and Eleventh) that have reached the same conclusion, as have the Third and Sixth Circuits.[8] Plaintiff's claim is without legal support.

CONCLUSION

Accordingly, the court hereby RECOMMENDS that:

1. Plaintiff's claims against defendant Leslie S. Walker be dismissed pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5);

2. Defendants' motion to dismiss filed May 23, 2005, be granted; and in the alternative;

3. Defendants' motion for summary judgment filed May 23, 2005, be granted.

These findings and recommendations are submitted to the Honorable Frank C. Damrell, Jr., the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and

---

[8] The Butler court noted: "We find that every other circuit to address the constitutionality of § 402(x) on rational basis review has upheld the statute. See Davis v. Bowen, 825 F.2d 799, 801 (4th Cir. 1987); Andujar v. Bowen, 802 F.2d 404, 405 (11th Cir. 1986); Zipkin v. Heckler, 790 F.2d 16, 19 (2d Cir. 1986); Buccheri-Bianca v. Heckler, 768 F.2d 1152, 1155 (10th Cir. 1985); Jensen v. Heckler, 766 F.2d 383, 385 (8th Cir. 1985)." 144 F.3d at 625, n. 1. Accord, Washington v. Secretary of Health and Human Services, 718 F.2d 608 (3rd Cir. 1983); Caldwell v. Heckler, 819 F.2d 133, 134 (6th Cir. 1987).

11

1 recommendations.  The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations."  The failure to file objections within the specified time may
3 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
4 1991).

5 DATED: 8/1/06                                            /s/ Gregory G. Hollows

                                                         _____
6
7                                                        GREGORY G. HOLLOWS
                                                         U. S. MAGISTRATE JUDGE

9 NOW6:LINDEN.F&R Dism Juris